IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TODD BEST,<br><br> Plaintiff,<br><br>v.<br><br>YOUNG AUTOMOTIVE GROUP, LLC,<br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 1:24-cv-00088-JNP-DBP<br><br>District Judge Jill N. Parrish |

Plaintiff Todd Best sued his employer, Young Automotive Group, LLC, alleging that it had violated his rights under the Family and Medical Leave Act (FMLA). Before the court is a motion for summary judgement filed by Young Automotive. ECF No. 18. The motion is GRANTED.

## BACKGROUND[1]

Best began working at Young Automotive in 2016 as a wholesale parts manager, an at-will position. In August 2022, Best executed a new employment agreement with Young Automotive. While he maintained his position as parts manager, his pay was cut. His new compensation was $4,000 a month with a 1.5% commission on parts gross profit and an 8% commission on operating profit after compensation.

On December 17, 2022, Best's elderly father suffered a medical emergency due to a fall. Best notified Young Automotive that he would need to take FMLA leave in order to care for his

---

[1] Because Best did not file a response to Young Automotive's motion for summary judgment, he has not identified any disputes regarding the facts of this case. The court, however, recites the facts in the light most favorable to Best as the non-moving party. *See Cooper v. NCS Pearson, Inc.*, 733 F.3d 1013, 1014 (10th Cir. 2013).

father. Best stated that Young Automotive handled his request for FMLA leave very professionally. Best took his FMLA leave intermittently in the weeks following his father's fall up until February 2023.

Prior to Best requesting FMLA leave, his supervisor, Chase Doporto, began discussing the possibility of a lateral transfer with Best. Doporto felt that a transfer would help minimize Best's leadership weaknesses while maximizing his workplace strengths. One of Best's supervisees had observed Best confront and scream at other employees. He stated that Best was adamant that his subordinates knew that he was the boss. The supervisee advocated for Best to be removed from his managerial role. Sebastian Young (Mr. Young), a manager to both Best and Doporto, fielded various complaints from employees regarding Best's management style. Mr. Young felt that it would be best for everyone if Best were moved to a position that did not require him to manage other employees. By August or September of 2022, Young Automotive had begun evaluating new positions that would better fit Best's strengths.

While on FMLA leave, Best brought up the potential lateral transfer with his supervisor. He asked Young Automotive to create a new inventory control specialist position for him. Best was hesitant to accept a lateral transfer and felt that the creation of a new position would mitigate his concerns. Young Automotive did not adopt this proposal.

In March 2023, about a month after Best returned from FMLA leave, he met with Doporto. During this meeting, Doporto discussed some behavior concerns with Best that had arisen after his return from FMLA leave, such as an argument Best had gotten into with an employee from another department. Doporto was also concerned about Best's disputes with other departments that had preceded his FMLA leave and believed that Best was not being a team player. On March 23, 2023, Young Automotive offered Best a new lateral position. The new position offered a $4,000 monthly

salary with a commission of 1.75% of wholesale profit. Young Automotive believed the new salary and commission would be competitive. Best was not in favor of the transfer as he felt that the new position would decrease his commission payments. He was also unhappy that the new position would put him under the supervision of another manager, whom Best considered to be a drunk. Best counteroffered for a $6,000 base salary, a 2% commission on wholesale profit, and no supervisor. Young Automotive rejected this proposal.

Following the rejection of his counteroffer, Best stopped showing up to work. Soon thereafter, Best sued Young Automotive asserting that it had violated his right to take FMLA leave. Young Automotive moved for summary judgment on Best's claims. Best did not file a response to this motion.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment on a claim is required if the party that bears the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

If a non-moving party fails to file a response, "the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). However, the court may not grant the unopposed motion unless

it determines the moving party "has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.*

## ANALYSIS

The FMLA prohibits employers from interfering with an employee's exercise of statutory rights and from retaliating against an employee for engaging in protected activity. The Tenth Circuit has "recognized two theories of recovery under [29 U.S.C.] § 2615(a): an entitlement or interference theory arising from § 2615(a)(1), and a retaliation or discrimination theory arising from § 2615(a)(2)." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006). Interference and retaliation are two distinct claims with different elements and burdens of proof. *Id.*

Best alleges simply that Young Automotive violated the FMLA. Because Best's complaint does not state the theory under which he alleges a violation, the court will analyze his allegations under both interference and retaliation theories.

## I.    INTERFERENCE

In order to recover under an interference theory, the plaintiff must show "(1) that he or she was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his or her right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006) (citation modified) (citation omitted). If the employee demonstrates the first two elements of an interference claim, the burden shifts to the employer to prove that the adverse action would have occurred regardless of the employee's exercise of FMLA rights. *Dalpiaz v. Carbon Cnty.*, 760 F.3d 1126, 1132 (10th Cir. 2014).

Best cannot prevail on an interference claim. As to the first element, Young Automotive does not dispute that Best was entitled to FMLA leave. In order to satisfy the second element, Best must show that because of an action taken by Young Automotive, he "was prevented from taking the full 12 weeks[] of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave." *Id*. (alteration in original) (citation omitted). As such, "an interference claim arises when an adverse employment decision is made *before* the employee has been allowed to take FMLA leave or *while* the employee is still on FMLA leave." *Id.* (emphasis added). An action taken after returning from FMLA leave is only considered interference if the employee was not "restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1); *accord* 29 C.F.R. § 825.214.

Young Automotive did not deny Best permission to take leave, prevent him from taking his full leave, or deny reinstatement following his return. The record shows that while Young Automotive had contemplated and even discussed a potential lateral transfer with Best due to his conflicts with other employees, no action was taken until *after* Best had returned from his FMLA leave. Best returned to his original position, and his supervisor did not discuss a potential transfer until a few weeks after his return and after new behavior issues emerged. Furthermore, Best stated in his deposition that he was not accusing anyone at Young Automotive of interfering with his right to take FMLA leave and that Young Automotive had handled his FMLA leave very professionally. Thus, Best is unable to satisfy the second element of the interference test.

If Best had been able to satisfy the second element of an interference claim, Young Automotive would bear the burden to demonstrate that the adverse actions taken against Best were not "related to the exercise or attempted exercise of [his] FMLA rights." *Dalpiaz*, 760 F.3d at 1132

5

(citation omitted). In other words, "an employer seeking summary judgment on an interference claim [is required] to show that [the adverse employment actions] would certainly have occurred regardless of leave." *Janczak v. Tulsa Winch, Inc.*, 621 F. App'x 528, 532 (10th Cir. 2015) (unpublished).

The record indicates that Young Automotive had been contemplating a lateral transfer several months before Best requested FMLA leave due to concerns over his interactions with other employees and disputes with other departments. This transfer discussion was continued by Best during his leave via communications with his supervisor. Additionally, the final conversation Doporto had with Best before he stopped coming to work was in response to a new incident regarding Best's behavior with other employees. Finally, Best admitted that he had no evidence that his lateral transfer was related to his FMLA leave. Given the multiple behavioral incidents Young Automotive has pointed to as reasons for Best's transfer, along with Best's own admission that Young Automotive had handled his FMLA leave professionally, the court is satisfied that Young Automotive has met its burden of showing that the discussions regarding the transfer were not related to Best's FMLA leave. Because Best did not file a response brief, he has not cited any record evidence that would create a dispute of material fact as to the third element of his interference claim.

Thus, because Best cannot satisfy either the second or third elements of an interference claim, Young Automotive is entitled to summary judgment on this theory of liability.

## II.    RETALIATION

Unlike an interference claim, which is based on an employer's actions before or during FMLA leave, "a retaliation claim may be brought when the employee successfully took FMLA leave, was restored to [his or] her prior employment status, and was adversely affected by an

employment action based on incidents post-dating [his or] her return to work." *Campbell v. Gambro Healthcare, Inc.,* 478 F.3d 1282, 1287–88 (10th Cir. 2007). "To state a prima facie case of retaliation, [a plaintiff] must show that: (1) [he or] she engaged in a protected activity; (2) [the employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006) (footnote omitted).

Claims of retaliation under the FMLA are subject to the *McDonnell Douglas* burden shifting analysis. *Id.* at 1170. This three-step analytical framework first demands that the employee carry his or her initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the employee satisfies this step, the burden then shifts to the employer to "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action taken by the employer. *Id.* Finally, the burden shifts back to the employee to show that that the employer's stated reason for the adverse employment action was pretextual. *Id.* at 804.

Young Automotive is entitled to summary judgement on the retaliation claim because Best cannot satisfy step three of *McDonnell Douglas*.[2] Best alleges that his proposed lateral transfer was a materially adverse employment action because the commission structure for the new position would have been less profitable and because he did not respect the person who would manage him. He further alleged that Young Automotive proposed this transfer because his managers were unhappy that he had taken FMLA leave. Young Automotive satisfied its burden of providing

---

[2] Because the court concludes that Best has not met his burden to show pretext under step three, the court need not analyze whether he has established a prima facie case under step one.

7

evidence that it did not propose the lateral transfer because Best had used FMLA leave. Young Automotive's managers averred that they had longstanding concerns about Best's management skills and the high employment turnover rate for his subordinates. These managers stated that they had planned to transfer Best to a new position where he would not supervise other employees. Because Young Automotive articulated a nonretaliatory reason for the transfer, the burden shifted to Best to show that the stated rationale was pretextual under *McDonnell Douglas* step three.

To satisfy this step, a plaintiff "must present evidence that shows a genuine issue of material fact as to whether the [the employer's] reason was pretextual." *Mauldin v. Driscoll*, 136 F.4th 984, 996 (10th Cir. 2025). Best did not shoulder this burden because he did not file a response to the motion for summary judgment. In a similar case involving claims of employment discrimination based on age and race, a district court struck an untimely response to a defendant's motion for summary judgment. *Palzer v. CoxCom, LLC*, 833 F. App'x 192, 197 (10th Cir. 2020) (unpublished). The district court then granted the motion for summary judgment because the plaintiff had failed to contest the defendant's stated, nondiscriminatory reasons for firing him. *Id*. at 200. The Tenth Circuit affirmed, reasoning that "by failing to timely respond to the MSJ, [the plaintiff] confessed the facts set forth in the motion and waived the right to controvert them. Accordingly, under Rule 56(e), the district court properly considered those facts undisputed for purposes of the motion and granted summary judgment on that basis." *Id*. at 200–01 (citation omitted).

In this case, Best similarly failed to carry his burden of showing that Young Automotive's stated, nonretaliatory reason for the lateral transfer was pretextual because he did not file a response brief challenging Young Automotive's stated rationale. Thus, for the same reasons articulated in *Palzer*, the court grants summary judgment on Best's retaliation claim because he

8

failed to carry his burden of producing evidence of pretext under step three of the *McDonnell Douglas* framework.

### CONCLUSION

For the above-stated reasons, Best's interference claim fails as a matter of law. Moreover, he has not carried his burden of showing pretext under step three of the *McDonnell Douglas* test for his retaliation claim. Accordingly, the court grants summary judgement in favor of Young Automotive.

DATED March 31, 2026.

BY THE COURT

Jill N. Parrish
United States District Court Judge